IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Maurice E. Meyer, III, ) | C/A No.: 3:08-3828-JFA-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Michael J. Astrue, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 83.VII.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the Report of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The plaintiff, Maurice E. Meyer III, ("Meyer") brings this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying his claim for disability insurance benefits ("DIB").

I.     Procedural History

Meyer filed his claim for DIB on July 13, 2005, alleging that he became disabled on December 11, 2004, as the result of a fall he suffered while bow-hunting from a tree stand on February 11, 2004. The fall caused injuries including three fractured vertebrae, a fractured wrist, and an injured left shoulder. His claim was denied initially and on reconsideration. The Administrative Law Judge ("ALJ") held a hearing on April 10, 2008, and issued a decision unfavorable to Meyer on June 5, 2008. While the ALJ found that Meyer has degenerative disc disease and a history of left wrist injury, the ALJ determined that Meyer has not been under a disability as defined in the Social Security Act from December 11, 2004 until the June 5, 2008 date of the ALJ's decision.

Meyer thereafter filed a request for review with the Appeals Council of the Social Security Administration's Office of Disability Adjudication and Review. Meyer submitted additional materials to the Appeals Council including the medical opinion of Byron Bailey, M.D., and medical literature concerning spinal impairment. By order dated October 24, 2008, the Appeals Council admitted the additional materials into the administrative record. Also on October 24, 2008, the Appeals Council denied Meyer's request for review, making the June 5, 2008 decision by the ALJ the final decision of the Commissioner. Meyer then filed this action with the court pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's final decision.

The Magistrate Judge to whom this matter was referred filed a comprehensive Report on January 28, 2010. The Magistrate Judge recommended that the Commissioner's decision

be affirmed. The parties were advised of their right to file specific written objections to the Report. Meyer exercised his right, filing three specific objections to which the Commissioner has responded.

II. Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's findings and (2) whether the findings were reached through application of the correct legal standard. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citation omitted); it is "more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F. 2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157, 1157 (4th Cir. 1971). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972) (internal citation omitted).

However, the findings of the administrative agency are not to be mechanically accepted. Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative

action." Id. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

III. Discussion

An individual is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 416(i)(1); § 1382c(a)(3)(A). To determine whether a claimant meets this classification, the court must inquire of the following:

> whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The ALJ found, and the parties agree, that Meyer has satisfied steps one through four. The ALJ decided the claim at the fifth step, finding that Meyer could perform other specified types of work.

A. The ALJ's Findings

On June 5, 2008, the ALJ made the following findings of fact:

(1) Meyer meets the insured requirements of the Social Security Act through December 31, 2009.

(2) Meyer has not engaged in substantial gainful activity since December 11,

4

2004, the alleged onset date (20 C.F.R. §§ 404.1520(b) and 404.1571 <u>et seq</u>.).

(3) Meyer has the following severe imperilments: degenerative disc disease and a history of left wrist injury (20 C.F.R. § 404.1520(c)).

(4) Meyer does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).

(5) After careful consideration of the entire record, the ALJ found that Meyer has the residual functional capacity to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b).

(6) Meyer is unable to perform any past relevant work (20 C.F.R. § 404.1565).

(7) Meyer was born on September 22, 1953 and was 51 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 C.F.R. § 404.1563).

(8) Meyer has limited education and is able to communicate in English (20 C.F.R. § 404.1564).

(9) Transferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not Meyer has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

(10) Considering Meyer's age, education, work experience, and residual functional capacity, there are jobs that exist in significant number in the national economy that Meyer can perform (20 C.F.R. § 404.1560(c) and § 404.1566).

(11) Meyer has not been under a disability, as defined in the Social Security Act, from December 11, 2004, through the date of the ALJ's decision (20 C.F.R. § 404.1520(g)).

Meyer challenges the ALJ's decision and argues that he was improperly denied DIB as a result of the ALJ's failure to:

(1) Accept the opinion of Dr. Weissglass;

(2) Properly assess the impact of frequent medical treatment on Meyer's ability to perform substantial gainful employment for eighteen months after onset;

(3) Obtain a vocational expert to assess significant non-exertional impairments; and

(4) Find that depression was not a severe impairment.

Meyer also argues that the Appeals Council committed reversible error by failing to:

(1) Make specific findings of fact concerning the weight it gave to allegedly new and material evidence from Dr. Bailey, which was submitted at the Appeals Council level; and

(2) Give Dr. Bailey's opinion controlling or greatest weight.

B. The Report

The Magistrate Judge's Report found that substantial evidence supported the ALJ's determination that Meyer was not disabled during the relevant time period and that the ALJ applied the correct legal standards. The Report also concluded that the Appeals Council need not have given weight to the opinion of Dr. Bailey or the other additional materials because such information was neither new nor material. The Magistrate Judge, therefore, recommends that the Commissioner's decision be affirmed.

C. Meyer's Objections to the Report

Meyer appears to make three objections to the Magistrate Judge's Report. Each objection shall be addressed in turn.

1. Meyer Asserts that the Frequency of His Medical Treatment Would Have Compelled a Level of Absenteeism Inconsistent with Obtaining Employment that Exists in Significant Numbers in the National Economy

6

Meyer contends that the Magistrate Judge relied on incorrect regulations in finding that substantial evidence supports the ALJ's determination that Meyer retains sufficient residual functional capability to perform work that exists in significant quantity in the national economy. The ALJ found that Meyer is unable to perform any past relevant work and that he would be limited to unskilled work in the future in light the impact of pain on his concentration. However, the ALJ also found that Meyer's residual functioning capacity allowed a full range of light work, considering Meyer's age, education, and work experience. The Magistrate Judge relied on 20 C.F.R. § 404.1510 in coming to the conclusion that Meyer's frequent medical treatment did not prevent him from performing significant and productive physical or mental duties.

The court finds that Meyer's objection to the Magistrate Judge's reliance on 20 C.F.R. § 404.1510 has some merit. Meyer's claim for EIB was denied at the fifth level of the five-step sequential evaluation set forth in the Social Security regulations. 20 C.F.R. § 404.1520. The first step, which is not at issue, concerns SGA as defined at 20 C.F.R. § 404.1510, and acts as a bar to a classification as disabled if the claimant performed any SGA during the relevant time period. The fifth step of the sequential evaluation, and the step at which Meyer's claim was denied, provides that the ALJ must consider the claimant's residual functional capacity, age, education, and work experience to determine whether the claimant can make the adjustment to other work. Meyer's argument appears to be that because of his involved medical treatment regimen he could not make the adjustment and should be determined disabled on that basis.

However, several visits to the doctor and an involved physical therapy schedule does not automatically operate to preclude work eight hours per day, five days per week, or <u>an equivalent work schedule</u>. The record lacks evidence to show that medical treatment alone would have prevented Meyer from working forty hours per week. Simply asserting that numerous medical appointments exist is different from showing that they would have prevented Meyer from working forty hours per week. Here, the ALJ found that Meyer had the residual functional capacity to perform the full range of light work and was free from nonexertional impairments. (Tr. 14.) Accordingly, it was proper for the ALJ to rely on the Medical Vocational Guidelines and the ALJ was not required to obtain expert vocational testimony. <u>See</u> <u>Walker v. Bowen</u>, 889 F.2d 47, 49 (4th Cir. 1989).

  2.  Meyer Asserts that the Appeals Council Must Give Reasons for Rejecting Dr. Bailey's Opinion

Meyer objects to the Magistrate Judge's Report finding no error with the Appeals Council's treatment of Dr. Bailey's opinion. Meyer's two central contentions in support of his second objection are that (1) published Fourth Circuit precedent compels the court to remand the case where the appeals council fails to explain the impact of new medical evidence; and (2) that the Magistrate's determination of whether the evidence was new or material was not properly before the court.

  i.  Propriety of Court Review of "New and Material"

As an initial matter, the court will take up whether the court may determine whether the evidence submitted to the Appeals Council was new and material. Several courts to have

8

considered whether evidence is new, material, and related to the relevant time period have found such a determination to be a question of law to be reviewed de novo. See Box v. Shalala, 52 F.3d 168 (8th Cir. 1995), Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994). See also Miller v. Barnhart, 64 Fed. Appx. 858, 859–60 (4th Cir. 2003) (unpublished) (discussing the showing a claimant must make to a reviewing court to prove evidence is both new and material). The court finds the reasoning in these cases persuasive and finds that such a legal determination is appropriate for the court.

Meyer contends that the Appeals Council's decision to accept the opinion of Dr. Bailey into the record, rather than return it to Meyer, constitutes an implicit finding that the opinion is both new and material and that, pursuant to 42 U.S.C. § 405(h), the finding should be taken as established in the record and afforded res judicata effect. Turning to 20 C.F.R. § 404.976(b)(1), the court notes that the regulation only provides for the return of additional evidence to the claimant where additional evidence "does not relate to the period on or before the date of the [ALJ] hearing decision." Accordingly, the Appeal Council's determination not to return the additional evidence may only be taken to mean that the Appeals Council found that the additional evidence related to the relevant time period. The court finds that the Appeals Council's action does not compel the inference desired by Meyer and that such an inference is not supported by the relevant statutes or regulations.

    ii.    Is the Additional Evidence New and Material?

The Appeals Council's review is limited to evidence in the record unless the claimant submits "new and material evidence" which "relates to the period on or before the date of the

9

[ALJ's] decision." 20 C.F.R. § 404.970(b). Evidence is new "if it is not duplicative or cumulative." See Wilkins v. Sec'y of Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." Id.

The Magistrate Judge found that Dr. Bailey's letter to the Appeals Council duplicates the findings of Dr. Weissglass, whose report was before the ALJ and discussed extensively. On that basis, the Magistrate Judge found Dr. Bailey's letter was both duplicative and cumulative. The court has reviewed the record and also finds that the content of Dr. Bailey's opinion duplicates that of Dr. Weissglass. That, taken together with Dr. Bailey's statement that he is "in agreement with the majority" of Dr. Weissglass' findings, leads the court to the conclusion that Dr. Bailey's opinion does not provide new information. Because information must be new, material, and related to the relevant time period to be considered, the court finds that the Appeals Council could have properly disregarded the opinion of Dr. Bailey.

Where evidence is not new, and perhaps even when it is, the Appeals Council is not required to articulate its reason for failing to consider such evidence. See Hollar v. Comm'r of Soc. Sec., 194 F.3d 1304 (4th Cir. 1999) (unpublished) (explicitly disclaiming any claim that the Appeals Council must articulate its own assessment of the additional evidence); but see Harmon v. Apfel, 103 F. Supp. 2d 869, 873 (D.S.C. 2000) (finding that Appeals Council's failure to make specific findings is reversible error where evidence is new). Because the additional evidence is not new, the court declines to assess its materiality. Accordingly, the court overrules Meyer's objection regarding the Appeals Council's

10

treatment of Dr. Bailey's opinion.

        3.        Meyer Asserts that the ALJ Should Not Have Rejected Dr. Weissglass' Opinion

Meyer objects to the Report's finding that the ALJ properly minimized Dr. Weissglass' opinion. The ALJ found that Dr. Weissglass' opinion contradicted much of the evidence in the record and that his opinion appeared to based primarily on Meyer's subjective complaints of pain, rather than objective evidence in the record. The court initially notes that consultative medical opinions are not entitled to deference in the same manner as a treating physician's opinion. See 20 C.F.R. § 404.1527. This is because non-treating physicians "have no examining or treating relationship with [the claimant]." The degree of weight afforded their opinions necessarily "depend[s] on the degree to which they provide supporting explanations for their opinions." Morgan v. Barhart, 142 Fed. Appx. 716, 727 (citing 20 C.F.R. § 404.1527). The more consistent an opinion is with the record as a whole, the move weight it deserves, and vice-versa. Id. (citing 20 C.F.R. § 404.1527(d)(4)).

The court finds that substantial evidence supports the ALJ's decision to minimize Dr. Weissglass' opinion. The record reveals few objective bases for Dr. Weissglass' opinion, while the ALJ cites to voluminous Medical University of South Carolina and Rehabilitation Center of Charleston treatment notes and reports that indicate no work or recreation limitations and an ability to ambulate and exercise independently. Meyer's testimony at the ALJ hearing also conflicts with notes from his treatment providers and Dr. Weissglass' opinion; specifically Dr. Weissglass' testimony that Meyer could not sit or stand for more

11

than thirty minutes at a time (Tr. 198.) when Meyer testified that he regularly drove fifty-five minutes to a feed store and sometimes drove for as long as ninety minutes without rest (Tr. 581–82). Such statements bring the conflict in the record into sharp focus, as does a comparison between the opinions non-treating physicians. (Report 12.) Accordingly, the court finds that the record contains evidence that conflicts with Dr. Weissglass' opinion, allowing the ALJ to minimize it, and that the ALJ did not err in exercising his prerogative as the fact-finder and weigher of evidence to minimize Dr. Weissglass' opinion. Meyer's objection to the ALJ's treatment of Dr. Weissglass' opinion is hereby overruled.

IV. Conclusion

After a thorough and careful review of the record, including the findings of the ALJ, the briefs from Meyer and the Commissioner, the Magistrate Judge's Report, and Meyer's objections thereto, the court finds the Magistrate Judge's Report provides an accurate summary of the facts in the instance case. The court adopts the Report insofar as it is consistent with the foregoing and incorporates it herein by reference. For the reasons set out hereinabove and in the Report, the Commissioner's final decision denying benefits is affirmed. The court again notes the limited nature of its inquiry. Whether the court would have come to the same conclusion as the ALJ is of no moment at this stage of the proceedings; the court's inquiry is limited to whether the ALJ's decision is supported by substantial evidence and in accordance with the law. The court finds that it is.

IT IS SO ORDERED.

                                                *Joseph F. Anderson, Jr.*

March 25, 2010                                  Joseph F. Anderson, Jr.
Columbia, South Carolina               United States District Judge